IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN BRYAN BUCKHANAN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 05-181 (Erie) |
| ) | |
| v. ) | Judge Sean J. McLaughlin |
| ) | Magistrate Judge Susan Paradise Baxter |
| JAMES SHERMAN, WARDEN, ) | |
| FCI McKEAN, ) | |
| ) | filed electronically |
| Respondent. ) | |

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW, comes Respondent James Sherman, Warden, FCI McKean ("Respondent"), by and through his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and respectfully responds to the Petition for Writ of Habeas Corpus ("Petition") filed herein as follows:

**I. INTRODUCTION**

Petitioner, Benjamin Bryan Buckhanan ("Petitioner"), has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the method by which the Federal Bureau of Prisons ("BOP") calculates Petitioner's good conduct time ("GCT"). Specifically, Petitioner alleges that BOP has wrongly interpreted 18 U.S.C. § 3642(b)(1), thereby depriving him of the possibility of earning a maximum of 54 days of GCT for each year of his sentence, as imposed. As Respondent will demonstrate, the Petition should be dismissed because (1) Petitioner has failed to exhaust his administrative remedies with respect to his claim prior to filing this civil action; and (2) notwithstanding this failure, the recent decision in O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005),

definitively disposes of Petitioner's claim on its merits.

## II.  ARGUMENT

### A. Because Petitioner has failed to exhaust his administrative remedies, his Petition for Writ of Habeas Corpus must be dismissed.

Petitioner asserts that he is exempt from satisfying any administrative remedy prior to filing his petition for relief.  Petition at 3.  However, it is well settled that an inmate's failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal.  Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies"); see also, United States v. Brann, 990 F.2d 98 (3d Cir. 1993);  United States v. Gaylor, 828 F.2d 253 (4th Cir. 1987);  Arias v. United States Parole Commission, 648 F.2d 196 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973); DeVincent v. United States, 587 F.Supp. 494 (E.D. Va. 1984), aff'd, 746 F.2d 1471 (4th Cir.), cert. denied, 470 U.S. 1055 (1985); see also, Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).

The requirement that inmates exhaust their administrative remedies prior to seeking judicial relief serves three purposes: (1) it allows the appropriate agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) it permits the agency to grant the relief requested, which conserves judicial resources; and (3) it provides the agency with the opportunity to correct its own errors, which fosters administrative autonomy.  Moscato, 98 F.3d at 757; see also Bradshaw, 682 F.2d at 1052; Arias, 648 F.2d at 199; United States ex rel. Marrero v. Warden, Lewisburg Penitentiary, 483 F.2d 656, 659 (3d Cir. 1973), rev'd on other grounds, 417 U.S. 653 (1974).

BOP's administrative remedy procedure is set out at 28 C.F.R. § 542.10 et seq., and provides for formal review of any complaint which relates to any aspect of an inmate's confinement. Under this process, an inmate is encouraged to first attempt to resolve his complaint informally by discussing the matter with a member of his Unit Team. A record of that attempt is signed by the inmate and a member of the Unit Team. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden within fifteen days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.13. If the inmate is not satisfied with the Warden's response, he may appeal that response to the Regional Director. If the inmate is dissatisfied with the regional response, he may then file a national appeal with the Office of General Counsel in Washington, D.C. 28 C.F.R. § 542.14. Appeal to the Office of General Counsel is the final step within BOP's administrative remedy procedure.

In the instant case, Petitioner has failed to file a single administrative remedy request or appeal on any issue raised in his Petition. See Declaration of Joyce Horikawa, attached hereto as Exhibit A. Because Petitioner has failed to exhaust his administrative remedies with respect to his instant challenge to BOP's method for computing his GCT, the Petition must be dismissed.

**B.   The Petition must be dismissed because BOP has properly interpreted the phrase "term of imprisonment" in its calculation of Petitioner's good conduct time.**

Even if Petitioner had exhausted his administrative remedies, his claim still fails because BOP's interpretation of the phrase "term of imprisonment" in 18 U.S.C. § 3624(b) to mean "time served" rather than "sentence imposed" is reasonable and entitled to deference. Accordingly, the Petition must be dismissed.

The statute which authorizes BOP to award GCT to federal inmates is 18 U.S.C. § 3624(b),

which provides, in pertinent part:

> A prisoner . . . who is serving a term of imprisonment of more than one year, other than [life], shall receive credit toward the service of the prisoner's sentence, beyond the time served, of fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, the prisoner has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General . . . . If the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. The Bureau's determination shall be made within fifteen days after the end of each year of the sentence. Credit that has not been earned may not later be granted. Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence . . . .

18 U.S.C. § 3624(b).[1]

At issue in this case is the propriety of BOP's interpretation of phrase "term of imprisonment," in section 3624(b). Petitioner urges that the meaning of the phrase "term of imprisonment" is unambiguous, and requires BOP to calculate GCT based on the length of the <u>sentence</u> <u>imposed</u> upon him. BOP, however, calculates a prisoner's GCT based on the length of time a prisoner <u>actually</u> <u>serves</u> in prison. BOP's method of calculation is set forth in Program Statement 5880.28. In addition, BOP has promulgated a rule, using the notice and comment

---

[1] Because Petitioner's offense was determined to have been committed on January 19, 1991, Petitioner is subject to the version of 18 U.S.C. § 3624(b) cited above, which was implemented under the Sentencing Reform Act of 1984. Although Section 3624(b) was subsequently modified by the Violent Crime Control and Law Enforcement Act of 1994 (effective September 13, 1994) and the Prison Litigation Reform Act of 1995 (effective April 26, 1996), neither the manner in which GCT is computed, nor the legal analysis of that calculation, has been changed or altered by any of the amendments to the statute.

procedure of the Administrative Procedure Act, 5 U.S.C. § 553, which reflects BOP's interpretation of "term of imprisonment" as "time served" for purposes of calculating GCT.  See 28 C.F.R. § 523.20. Thus, under BOP's methodology (and assuming good behavior), Petitioner would earn fifty-four days of GCT for each complete year <u>actually</u> <u>served</u>, plus a prorated amount of GCT for the last portion of the final year of incarceration actually served.

Overwhelming legal authority establishes that BOP's methodology is proper. During the past few years, federal inmates throughout the United States have brought challenges to BOP's method for calculating GCT.  Without exception, every United States Court of Appeals that has addressed this issue – including the United States Court of Appeals for the Third Circuit – has upheld BOP's method of calculating GCT based upon the amount of time actually served.  In <u>O'Donald v. Johns</u>, 402 F.3d 172 (3d Cir. 2005), petitioner O'Donald applied for a writ of habeas corpus based upon the argument presented by Petitioner in the instant matter: that is, that "term of imprisonment" should be interpreted as "sentence imposed," and that O'Donald should therefore be credited with 54 days of GCT for each year of his full twelve year sentence. <u>Id</u>. at 173.  In opposition, respondent argued that GCT should be based upon the amount of time actually served. <u>Id</u>.  The Third Circuit rejected O'Donald's proposed interpretation of "term of imprisonment," reasoning that "[t]o calculate GCT based on the sentence imposed would allow an inmate to earn GCT for time he was not actually incarcerated." <u>Id</u>. at 174.  The Third Circuit ultimately found the phrase in question to be ambiguous, but held that BOP's interpretation of the statute was reasonable and entitled to deference pursuant to the requirements for agency statutory construction set forth in <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council</u>, 467 U.S. 837 (1984).  In approving BOP's interpretation, the court noted:

> In particular, we agree that the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a fair prorating scheme, enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated.

O'Donald, 402 F.3d at 174.  When it upheld BOP's interpretation of section 3624(b), the Third Circuit joined the First, Fifth, Seventh, and Ninth Circuits, each of which had made the same determination in similar cases.  See Perez-Olivo v. Chavez, 394 F.3d 45, 52 (1st Cir. 2005); Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005); White v. Scibana, 390 F.3d 997, 1003 (7th Cir. 2004); Pacheco-Comacho v. Hood. 272 F.3d 1266, 1270 (9th Cir. 2001).  Since the Third Circuit decided O'Donald earlier this year, the Fourth and Eleventh Circuits have also reached the same conclusion on this issue, both citing O'Donald with approval.  See Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); Brown v. McFadden, No. 04-14132, 2005 WL 1618739, at *1-2, (11th Cir. July 12, 2005).[2]

Pursuant to the Third Circuit's holding in O'Donald v. Johns, BOP's methodology for calculating Petitioner's good conduct time, which is based upon the amount of time actually served by Petitioner, is correct, and the Petition should therefore be dismissed, with prejudice.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should deny the Petition for Writ of Habeas Corpus.

---

[2]The Eighth Circuit has also issued two nonpublished opinions which hold that BOP's calculation of good conduct time credit, based on time actually served, rather than imposed, is reasonable and entitled to deference.  See James v. T.C. Outlaw, 126 Fed. Appx. 758 (8th Cir. 2005); United States of America v. Wittman, No. 04-3488, 2005 WL 1663134, at *1 (8th Cir. July 18, 2005) (citing O'Donald v. Johns).

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within Response, by mail or electronic filing, upon the following:

Benjamin Bryan Buckhanan<br>
Register No. 02738-084<br>
FCI McKean<br>
P.O. Box 8000<br>
Bradford, PA 16701

  s/ Christy Wiegand
CHRISTY WIEGAND

Date:   September 13, 2005