# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

BENJAMIN BRYAN BUCKHANAN,        :
              Petitioner,            :
                                   :
   - v -                            :    Civil Action No. 05-181 (Erie)
                                   :
JAMES SHERMAN, WARDEN,         :
              Respondent.         :

## DECLARATION OF JOYCE HORIKAWA

I, Joyce M. Horikawa, make the following declaration under penalty of perjury:

1. I am a Senior Attorney Advisor employed by the United States Department of Justice, Federal Bureau of Prisons, assigned to the Northeast Regional Office in Philadelphia, Pennsylvania. I have been employed in this position since approximately April 8, 2001. Pursuant to my official duties, I have access to records maintained in the ordinary course of business by the Federal Bureau of Prisons, in the Northeast Regional Office

2. I am familiar with the Bureau of Prisons' administrative remedy process for inmates as set forth at 28 C.F.R. § 542.10, et seq. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. Under Bureau of Prisons regulations codified at 28 C.F.R. § 542.14(d)(1), an inmate may be excepted from filing a request for administrative remedy if the inmate reasonably believes the issue he or she seeks to raise is sensitive and his/her safety would be placed in danger if the Request

became known at the institution.  When submitting a "Sensitive" request, the inmate must explain the reason for not submitting the Request at the institution. 28 C.F.R. § 542.14(d)(1).  Once an administrative remedy request marked "Sensitive" is received in the appropriate Regional Office, the Regional Administrative Remedy Coordinator (RARC) will review the request.  If the RARC agrees that the Request is sensitive, the Request will be accepted.  Otherwise, the Request will not be accepted, and he inmate will be advised in writing of that determination.  The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden.  Id.  If the Regional Director denies an inmate's regional administrative remedy appeal or an inmate's "Sensitive" request for administrative remedy, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response.  See 28 C.F.R. §§ 542.14 and 542.15.  The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

3.  In the ordinary course of business, computerized indexes of all administrative remedy requests and appeals are maintained on the Bureau of Prisons' computerized database so rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue.  Also, in the ordinary course of business, hard copies of all administrative remedy request and appeal packets in which an inmate has reached or attempted to reach at least the Regional level of review with the Federal Bureau of Prisons Northeast Regional Office, are maintained in the Bureau of Prisons Northeast Regional Office.  I have access to both the computerized database as well as the hard copies of the administrative remedy packets described above.

4.  On or about August 3, 2005, in connection with the above-captioned litigation, I

-2-

accessed the computerized indexes of all administrative remedies filed by federal inmate Benjamin B. Buckhanan, Reg. No. 02738-084, to determine whether he had attempted to exhaust the highest level of administrative appeal on the issues raised in the above-captioned civil action.

5.  Following a search of the indexes of all administrative remedies filed by inmate Buckhanan, I determined he had not exhausted his available administrative remedies on any issue raised in this civil action. My search of the administrative remedies filed by inmate Buckhanan indicated that to date he had not filed a single administrative remedy request or appeal on any issue raised in the habeas petition filed under the above-captioned civil action number.

6.  Attached hereto, please find a true and correct copy of inmate Buckhanan's Public Information Data.

> I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 3rd day of August, 2005.

Joyce M. Horikawa
Senior Attorney Advisor
Philadelphia, PA

-3-

```
 NERH4          *         PUBLIC INFORMATION          *      08-03-2005
PAGE 001        *           INMATE DATA               *      08:06:15
                          AS OF 08-03-2005

REGNO..: 02738-084 NAME: BUCKHANAN, BENJAMIN BRYAN

                  RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 814-362-8900    FAX: 814-363-6821
                                      RACE/SEX...: BLACK / MALE
FBI NUMBER.: 498625FA3                DOB/AGE....: 10-10-1966 / 38
PROJ REL MT: GOOD CONDUCT TIME RELEASE   PAR ELIG DT: N/A
PROJ REL DT: 05-17-2020                  PAR HEAR DT: N/A
-------------------------- ADMIT/RELEASE HISTORY --------------------------
FCL  ASSIGNMENT DESCRIPTION               START DATE/TIME STOP  DATE/TIME
MCK  A-DES      DESIGNATED, AT ASSIGNED FACIL 03-14-2003 0800 CURRENT
S42  RELEASE    RELEASED FROM IN-TRANSIT FACL 03-14-2003 0800 03-14-2003 0800
S42  A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-14-2003 0552 03-14-2003 0800
LEW  HLD REMOVE HOLDOVER REMOVED             03-14-2003 0552 03-14-2003 0552
LEW  A-BOP HLD  HOLDOVER FOR INST TO INST TRF 03-12-2003 1130 03-14-2003 0552
B01  RELEASE    RELEASED FROM IN-TRANSIT FACL 03-12-2003 1130 03-12-2003 1130
B01  A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-12-2003 0835 03-12-2003 1130
BRO  HLD REMOVE HOLDOVER REMOVED             03-12-2003 0835 03-12-2003 0835
BRO  A-BOP HLD  HOLDOVER FOR INST TO INST TRF 03-04-2003 1330 03-12-2003 0835
B01  RELEASE    RELEASED FROM IN-TRANSIT FACL 03-04-2003 1330 03-04-2003 1330
B01  A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-04-2003 0730 03-04-2003 1330
ALM  TRANSFER   TRANSFER                     03-04-2003 0730 03-04-2003 0730
ALM  A-DES      DESIGNATED, AT ASSIGNED FACIL 06-13-2001 0700 03-04-2003 0730
B01  RELEASE    RELEASED FROM IN-TRANSIT FACL 06-13-2001 0700 06-13-2001 0700
B01  A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-13-2001 0538 06-13-2001 0700
LEW  HLD REMOVE HOLDOVER REMOVED             06-13-2001 0538 06-13-2001 0538
LEW  A-BOP HLD  HOLDOVER FOR INST TO INST TRF 06-12-2001 1645 06-13-2001 0538
A01  RELEASE    RELEASED FROM IN-TRANSIT FACL 06-12-2001 1645 06-12-2001 1645
A01  A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-12-2001 1000 06-12-2001 1645
OKL  HLD REMOVE HOLDOVER REMOVED             06-12-2001 0900 06-12-2001 0900
OKL  A-BOP HLD  HOLDOVER FOR INST TO INST TRF 06-07-2001 1800 06-12-2001 0900
A01  RELEASE    RELEASED FROM IN-TRANSIT FACL 06-07-2001 1900 06-07-2001 1900
A01  A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-07-2001 1545 06-07-2001 1900
LVN  TRANSFER   TRANSFER                     06-07-2001 1445 06-07-2001 1445
LVN  A-DES      DESIGNATED, AT ASSIGNED FACIL 11-20-1998 1513 06-07-2001 1445
S01  RELEASE    RELEASED FROM IN-TRANSIT FACL 11-20-1998 1613 11-20-1998 1613
S01  A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 11-20-1998 0700 11-20-1998 1613
OKL  HLD REMOVE HOLDOVER REMOVED             11-20-1998 0600 11-20-1998 0600
OKL  A-HLD      HOLDOVER, TEMPORARILY HOUSED  11-02-1998 1645 11-20-1998 0600
O-Q  RELEASE    RELEASED FROM IN-TRANSIT FACL 11-02-1998 1745 11-02-1998 1745
O-Q  A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-27-1998 1003 11-02-1998 1745
CBR  ADMIN REL  ADMINISTRATIVE RELEASE       10-27-1998 1003 10-27-1998 1003
CBR  A-ADMIN    ADMINISTRATIVE ADMISSION     10-27-1998 0922 10-27-1998 1003

G0002       MORE PAGES TO FOLLOW . . .
```

```
NERH4              *        PUBLIC INFORMATION        *     08-03-2005
PAGE 002           *           INMATE DATA            *     08:06:15
                               AS OF 08-03-2005

REGNO..: 02738-084 NAME: BUCKHANAN, BENJAMIN BRYAN

                    RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 814-362-8900    FAX: 814-363-6821
PRE-RELEASE PREPARATION DATE: 11-17-2019

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-17-2020 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 --------------------

COURT OF JURISDICTION...........: VIRGINIA, WESTERN DISTRICT
DOCKET NUMBER...................: 91-00024-01-R/C
JUDGE..........................: MICHAEL,JR.
DATE SENTENCED/PROBATION IMPOSED: 03-16-1992
DATE COMMITTED..................: 11-20-1998
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $50.00         $00.00         $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  211
OFF/CHG: 18:1201(A)(1) & 2-AID AND ABET KIDNAPPING

 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  300 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 CLASS OF OFFENSE...............: CLASS A FELONY
 DATE OF OFFENSE................: 01-19-1991




G0002        MORE PAGES TO FOLLOW . . .
```

```
  NERH4          *          PUBLIC INFORMATION        *     08-03-2005
PAGE 003 OF 003 *              INMATE DATA            *     08:06:15
                            AS OF 08-03-2005
```

REGNO..: 02738-084 NAME: BUCKHANAN, BENJAMIN BRYAN

```
                    RESP OF: MCK / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 814-362-8900    FAX: 814-363-6821
------------------------CURRENT COMPUTATION NO: 010 ------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 01-21-2005 AT MCK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 07-14-1998
TOTAL TERM IN EFFECT............:  300 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   25 YEARS
EARLIEST DATE OF OFFENSE........: 01-19-1991

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1152
TOTAL GCT EARNED................: 351
STATUTORY RELEASE DATE PROJECTED: 05-17-2020
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 07-13-2023


PROJECTED SATISFACTION DATE.....: 05-17-2020
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```